**Julio Amado Rodriguez GRIJALVA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70711.

Agency No. A72–676–127.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM **

Julio Amado Rodriguez Grijalva, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying him asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that vague threats made to petitioner did not constitute past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) ("Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself.").

Substantial evidence also supports the IJ's determination that petitioner failed to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

establish the requisite well-founded fear of future persecution in Guatemala. Petitioner failed to show he was threatened on account of his political opinion. *See Pedro-Mateo*, 224 F.3d at 1151 ("organization's attempts to force a person to join them is insufficient to compel a finding of persecution on account of political belief"). The record also does not support petitioner's contention that the three masked men who came to his house imputed a political opinion to him, because nothing in the record shows these men were affiliated with the man who accused petitioner of sympathizing with guerillas when he refused to join the civil patrol. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997).

Because petitioner failed to establish eligibility for asylum, he necessarily fails to qualify for withholding of removal. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n. 5 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.